```
FILED IN CHAMBERS
U.S.D.C ATLANTA

Date: 12/10/2024

KEVIN P. WEIMER, Clerk
By: s/Sonya Lee Coggins
        Deputy Clerk
```

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>*v.*<br><br>JESSICA SMITH | Criminal Information<br><br>No. 1:24-CR-369 |

THE UNITED STATES ATTORNEY CHARGES THAT:

**Counts One and Two**

On or about the date(s) alleged in Column B of the table below, in the Northern District of Georgia, the defendant, JESSICA SMITH, aided and abetted by others known and unknown, knowingly made a false and fictitious written statement to a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, as identified in Column C below, in connection with the acquisition of the corresponding firearms described in Column D below, which statement(s) was intended and likely to deceive the licensed dealer of firearms as to a fact material to the lawfulness of the sale or disposition of said firearm(s) under Chapter 44, Title 18, United States Code, that is:

| Column A | Column B | Column C | Column D |
|---|---|---|---|
| **Count** | **Date** | **Federally Licensed Firearms Dealer** | **Firearm(s)** |
| One | 11/27/2023 | Dixie Ammo Dump | Ohio Ordnance Works, model M240, 7.62 caliber rifle |
| Two | 3/8/2024 | Mainstreet Guns and Range | Ohio Ordnance Works, model M240, 7.62 caliber rifle |

in that the defendant, JESSICA SMITH, falsely represented that she was the actual buyer of said firearm(s) when, as she then knew, she was not the true purchaser of the firearm(s), all in violation of Title 18, United States Code, Section 922(a)(6), Section 924(a)(2), and Section 2.

## Forfeiture

Upon conviction of one or more of the offenses alleged in Counts One and Two of this Information, the defendant, JESSICA SMITH, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), all firearms and ammunition involved in or used in the commission of the offenses.

If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty,

the United States intends, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property.

RYAN K. BUCHANAN
  *United States Attorney*

*/s/ Calvin A. Leipold III*
CALVIN A. LEIPOLD III
  *Assistant United States Attorney*
Georgia Bar No. 442379

*/s/ Bethany L. Rupert*
BETHANY L. RUPERT
  *Assistant United States Attorney*
Georgia Bar No. 971630

600 U.S. Courthouse
75 Ted Turner Drive SW
Atlanta, GA 30303
404-581-6000